UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JUDY FAMILY TRUST,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 4:11-CV-00644-EJL

**MEMORANDUM ORDER**

Pending before the Court in the above-entitled matter is Defendant United States' Motion to Dismiss or for Partial Summary Judgment (Dkt. 20). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

The events that gave rise to Plaintiff Judy Family Trust's (the "Trust") claims occurred throughout June of 2009. The Trust is the owner of real property in Bonneville County, Idaho, and part of that land was designated wild bird and mule deer habitat with the Idaho Department of Fish and Game. As a result of its habitat designation, the land was seeded with natural flora to promote wildlife. The land was additionally under a designated soil and water quality conservation program. In early to mid June 2009, a BPA survey crew, an excavation crew hired by BPA and a construction crew entered the Trust's land without permission. The survey crew walked and drove vehicles on the Trust's land, the excavation crew entered the Trust's land with trucks and equipment and the construction crew constructed a gravel road approximately 1,485 feet in length and 20 feet wide. (Compl. Dkt. No. 1, p. 2-3.) As a result of BPA's entrance onto the Trust's land, the Trust claims there were multiple events of trespass, each one causing damage to the surface and subsurface of the land, to the wildlife habitat, to the soil and water conservation program and the seeded flora. BPA had a permit for the work that they ended up doing on the Trust's land, but there was a mistake as to the location of that work. (Def's Ex. A, Dkt. No. 6-1, p. 1.) BPA admitted their error in laying the gravel road on the Trust's land, but the Trust prohibited BPA from entering back onto the land to remove the gravel. (Def's Ex. B, Dkt. No. 6-2.) The Court determined the action was

properly filed in district Court. (Dkt. 9.) The parties participated in a settlement conference, but were unable to resolve the claims.

The United States' now seeks dismissal of claims for certain kinds of Idaho statutory damages and Conservation Reserve Program ("CRP") damages. The United States also seeks partial summary judgment as to the legal limit of damages the Trust may seek for trespass. Finally, the United States argues the Trust failed to mitigate its damages when the United States offered to restore the property and the offer was not accepted. So in the alternative, the United States argues damages should be capped at what the United States would have paid in 2010 to remove the gravel road ($4,500). The Plaintiff concedes that certain types of damages may not be applicable, but that trespass damages are not limited in the manner suggested by the United States. Plaintiff has an estimate from an excavator to restore the property for a cost of $77,988. Moreover, Plaintiff maintains it has not failed to mitigate its damages.

## STANDARD OF REVIEW

### 1. Motion to Dismiss

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) in one of two ways. *See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. *Id.* On the other hand, the defendant may instead launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact." *Id.* A

"factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill*, 594 F.2d at 733.

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction [pursuant to a "factual attack"] ... where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). "When a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction, rather than for failure to state a claim, is proper only when the allegations of the complaint are frivolous." *Id.* In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

A motion to dismiss pursuant to Rule 12(b)(6) should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and

construed in the light most favorable to the non-moving party. *See Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56. *See Jacobsen v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995).

However, pursuant to *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994), there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch*, 14 F.3d at 453.

**2. Summary Judgment**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or

defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *See id*. at 248.

The moving party is entitled to summary judgment if that party shows that each issue of material fact is not or cannot be disputed. To show the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the materials cited do not establish the presence of a genuine dispute, or that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)&(B); *see T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 322). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

Material used to support or dispute a fact must be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted in support of or opposition to a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences which can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(e)(3) authorizes the Court to grant summary judgment for the moving party "if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

## ANALYSIS

### 1. Motion to Dismiss

The United States argues this Court lacks subject matter jurisdiction over certain damage claims. Specifically, the statutory damages pursuant to Idaho Statutes §§ 36-1603, 36-1401, 36-1402, 49-1004 and 49-1013 are not applicable to the facts of this case and such statutes do not provide a private right of action. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). The Plaintiff acknowledges the Idaho statutes do not provide a private right of action, but claim the statutes were cited in the notice of tort claim as a basis for potential types of damages the Trust may be seeking.

This Court has previously determined it has subject matter jurisdiction over the

trespass claim in general, but did not rule upon jurisdiction over specific Idaho statutes. The Court agrees with the United States the cited Idaho statutes relate to criminal recreational trespass and criminal penalties for oversized loads on roads do not provide a private right of action and do not provide grounds for recovery of damages in this case. The Court therefore grants the United States' motion to dismiss claims based on these statutes and Plaintiff will not be allowed to seek damages solely based on Idaho statutes §§ 36-1603, 36-1401, 36-1402, 49-1004 and 49-1013.

Next, the United States also seeks to prohibit the Trust from seeking CRP damages claiming they are legally insufficient and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The United States argues since the CRP contracts related to the real property are with Ira Judy, not the Trust, the Trust lacks standing to seek CRP damages due to the alleged trespass. Additionally, the final CRP payment is due in September 2013 and there is no evidence that CRP payments to Ira Judy have been reduced or impacted by the gravel road construction at issue. Moreover, the real property wherein the gravel road is located has not been committed by the Trust to any CRP payments.

Plaintiff agrees the motion to dismiss regarding these potential CRP damages may be granted. Therefore, any CRP related damages are non-existent or speculative in nature and the Trust lacks standing to prosecute such damages. For these reasons the Trust will not be allowed to request CRP damages in this matter.

**2. Summary Judgment**

The United States maintains the damages the Trust may seek for trespass are limited to the value of the property or the diminution of the property. In the alternative, the United States maintains the damages should be capped at what it would have cost the United States to remove the road in 2010. Plaintiff disagrees with the United States' limit on damages and claims it is entitled to the cost to restore the property to its original state.

The parties agree Idaho law applies to the trespass claim. *Proud v. United States,* 723 F.2d 705, 707 (9th Cir. 1984); 26 U.S.C. § 2672. The parties also agree the legal definition of what damages can be sought is a legal question that can be resolved by the Court in this motion. The Court finds the common law remedies for trespass in Idaho provide all the remedies necessary to resolve this action. However, the facts in determining the exact remedy that should be awarded are clearly disputed by the parties. Such as what state the property was in prior to the placement of the gravel road, whether or not there was a dirt road for access across the property at the same location prior to the gravel road being constructed, what vegetation covered the area, and what steps would be required to return the property to the state it was in prior to the gravel road being constructed, etc.

The United States has submitted evidence from appraisals and assessments that puts the value of the property at no more than $1,000 for the approximately .62 acres the gravel road is located on. The United States argues the land has not gone down in value since the gravel road was placed on the property. As a matter of law, the Court finds the

Plaintiff is not limited to seeking the value of the property or the diminution in value of the property. To limit damages to this amount would be unfair and inconsistent with the law. Further, it would encourage others to trespass upon the property of others.

The United States appears to concede it trespassed upon the property when it mistakenly constructed the gravel road. The parties dispute whether the trespass was a "continuing trespass." The Court finds it need not decide if the trespass was a continuing trespass at this time as the damages for a continuing trespass are subsumed within common law trespass remedies. *Ransom v. Topaz Marketing, L.P.*, 152 P.3d 2, 6 (Idaho 2006)

The Court finds damages beyond the fair market value or diminution in value are allowed under Idaho case law. The general rule is when the land is permanently injured, an owner is entitled to the difference between the fair market value before and after the injury. *Id.* If the land is temporarily injured, the owner is entitled to recover the amount necessary to restore the land to the condition it was in preceding the injury. *Id.* "However, as the Court in *Mussell* indicated, because the goal of compensatory damages is reimbursement of the actual loss suffered, the rule precluding recovery in excess of the diminution in value is not of 'invariable application.'" *Ransom v. Topaz Marketing, L.P.*, 152 P.3d 2, 6 (Idaho 2006).

In this case, the Court finds that Plaintiff carries the burden of establishing the amount necessary to restore the land to its condition prior to the gravel road being constructed and any actual losses suffered. Genuine issues of material fact exist

regarding whether or not the representatives of the Trust have offered personal, practical or persuasive reasons why the gravel should be removed and the land restored. *Weitz v. Green*, 230 P.3d 743 (Idaho 2010). Because the necessary actual loss, repair/restoration costs are clearly disputed in this case, the bench trial will be necessary in order to determine the amount of damages actually sustained due to the trespass.

As to mitigation of damages, it is undisputed that a plaintiff has a duty to mitigate damages. *Casey v. Nampa & Meridian Irrigation Dist., 85*, 379 P.2d 409 (Idaho 1963). Under the mitigation doctrine, a plaintiff may be denied recovery for damages which could have been avoided by reasonable acts after the alleged trespass took place. In this case it is clearly disputed as to whether or not the Trust mitigated its damages when it rejected the United States's offer to complete certain work to remove the gravel road in 2010. This is a factual dispute that will have to determined by the fact finder at trial.

## ORDER

**IT IS ORDERED:**

1. The United States' Motion to Dismiss or for Partial Summary Judgment (Dkt. 20) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's damages related to potential CRP damages and Idaho Statutes §§ 36-1603, 36-1401, 36-1402, 49-1004 and 49-1013 are **DISMISSED**. The United States' motion for partial summary judgment is **DENIED**. Plaintiff shall be allowed to proceed with trespass damages which shall not be

limited to the value or diminution in value of the real property at issue. Genuine issues of material fact exist as to the costs of restoring the land and to whether or not Plaintiff mitigated its damages and these matters shall be decided during the bench trial set for October 29, 2013.

DATED: **September 5, 2013**

Honorable Edward J. Lodge
U. S. District Judge